IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth Wayne McGuire, by his power of attorney, Brandon Wayne McGuire, | ) ) ) ) | Civil Action No. 2:09-cv-2591-RMG |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Waste Management, Inc., | ) ) ) ) | |
| Defendant. | ) ) | |

Before the Court is Defendant Waste Management Inc.'s ("Defendant") motion for reconsideration of Judge Carr's June 4, 2010 minute entry order denying its motion to transfer venue to the Columbia Division. (Dkt. No. 36). A transcript from the proceeding before Judge Carr has been filed with the Court. (Dkt. No. 35). The transcript shows that Judge Carr found that Defendant waived its ability to request a transfer of this matter to the Columbia Division. Plaintiff has opposed the motion to reconsider arguing Judge Carr correctly found that Defendant waived the opportunity to request a transfer of venue. (Dkt. No. 47).[1] For the reasons outlined herein, this Court grants the motion to reconsider and vacates Judge Carr's prior minute entry order. The Court further addresses the procedures to be followed in light of this Order below.

---

[1] One of the grounds for denying the motion to reconsider offered by the Plaintiff is that the Defendant should have styled the document before the Court as "objections" pursuant to Rule 72 in order to seek review of the Magistrate's Order. However, under any label, the Defendant timely filed its disagreement with the Magistrate's Order. Further, the current "motion" has been pending before this Court since June 16, 2010 without any complaint about the document being properly filed or before the Court. Thus, the Court has taken up the issues raised therein.

1

**Factual and Procedural Background**

This action arises out of an automobile accident involving one of Defendant's trucks which is alleged to have struck Plaintiff, while riding his motorcycle, in Lexington, South Carolina. (Dkt. No. 1 at ¶¶ 4 & 5). Plaintiff filed the action in the Charleston Division. (Dkt. No. 1). Defendant moved to transfer the action to the Columbia Division. (Dkt. No. 20). In the Record before the Court, the witnesses identified thus far all appear to be residents of either Lexington County or Richland County both of which are located in the Columbia Division of this District. (Dkt. No. 36). The list of potential witnesses provided to the Court includes: Tony Garrick of Gaston, South Carolina, driver of Defendant's truck; Daniel and Kenneth Brinkley of Swansea, South Carolina; Leif Atkinson of Lexington, South Carolina; D. Antonio of Lexington, South Carolina; Pamela Levi of Columbia, South Carolina; and the maintenance workers that serviced Defendant's truck involved in the accident are located and work in the Columbia Division. (Dkt. No. 36). Plaintiff has not provided a list of witnesses that are situated in the Charleston Division for the Court to consider. Moreover, the accident occurred in Lexington County in the Columbia Division thus the site that may need to be inspected by a jury is not in the Charleston Division. (*Id.*). In sum, the issues before the Court are straightforward: 1) did Defendant waive the opportunity to move to transfer venue and, if not, 2) is venue more convenient in this matter in the Charleston Division or in the Columbia Division?[2]

**Discussion**

Defendant contends that Judge Carr erred in finding that it waived its ability to move to transfer venue. This Court agrees.

---

[2] Beyond the caption, the word Charleston does not appear in Plaintiff's Complaint.

A motion to transfer venue filed pursuant to 28 U.S.C. § 1404 is not deemed to have been waived if not raised in an initial response to the Complaint. *See Ins. Co. of No. America v. Ozean/Stinnes-Linien*, 367 F.2d 224, 227 (5th Cir. 1966) (holding that a motion to transfer venue could have been made even after a motion to dismiss had been denied); *Nowotny v. Turner*, 203 F. Supp. 802 (M.D.N.C. 1962); *see also Blane v. American Investors Corp.*, 934 F. Supp. 903, 905-06 (M.D. Tenn. 1996) (noting that a motion to transfer venue under section 1404 is not the same as a motion under Rule 12(b)). In fact, the statute omits any reference to timing whatsoever in providing that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Further, the Court has inherent power to manage its docket in the interests of justice and decision to transfer venue under this section could be made before the Complaint is even served. *See Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F. Supp. 2d 554, 556 n. 1 (D.C. Va. 2004) (citing *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 516 (4th Cir. 1955). Therefore, a motion under Section 1404 is "not an objection under Rule 12(b)(3) to improper venue, which under Rules 12(g) and 12(h), must be made before the answer and consolidated with other preliminary defenses." Wright, Miller, & Cooper, 15 Fed. Prac. & Proc. Juris § 3844 (3rd ed. 2010).

Here, Judge Carr denied the motion to transfer venue finding that the Defendant had waived the opportunity to raise the issue by failing to raise "improper venue" before answering. From the transcript it appears that the Court intertwined the concepts related to a motion to *transfer* venue with those associated with a motion to *dismiss* for improper

3

venue. As shown above, the latter will be waived if not raised pre-answer, the former will not.

As to the merits of the motion, Defendant contends that the venue is better suited in Columbia based on the location of the accident scene, the location of the truck involved in the accident, the location of the witnesses, and the location of the Plaintiff. All of which are in the Columbia Division. Again, Defendant does not ask for dismissal of the action only that the Court transfer the matter to the proper locale. In each of the responses contained in the Record (Dkt. Nos. 24-1 & 47) and at the argument before the Magistrate Judge (Dkt. No. 35), the Plaintiff does not offer the Court any evidence or argument that the case is better served (*i.e.* more convenient for the witnesses and parties) to be tried in Charleston. Instead, the Plaintiff simply contends that Defendant was too late in asking for a transfer then requests more time for discovery related to the proper venue. However, based on this Court's finding that the Defendant had not waived its opportunity to request a transfer of venue, this Court grants the motion to reconsider. The Court declines, at this time, to transfer the matter due to the lack of argument on the part of the Plaintiff pertaining to the merits of the issue surrounding venue.

## Conclusion

Based on the above, the Court **grants** Defendant's motion to reconsider (Dkt. No. 36) and vacates the prior order denying the motion to transfer. However, this Court declines to address the merits of the motion to transfer and whether the action is better situated in the Columbia Division until such time as the parties can complete any remaining discovery related solely to the issue of where venue is most convenient.[3]

---

[3] Given the fact that this action was originally filed on October 2, 2009 (Dkt. No. 1), the motion to transfer venue was filed on March 24, 2010 (Dkt. No. 20), and the parties mediated the matter

Therefore, any other pending motions (beyond the motion for reconsideration) related to this issue are rendered moot at this time.

Accordingly, the parties are instructed to complete any remaining discovery related to venue and where the action is best suited for trial based upon the location and convenience of witness and the other relevant considerations within forty-five (45) days of the date of this Order. The parties should consider: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of view premises by the jury, if applicable; 7) all other practical problems that make trial of the case easy, expeditious, and inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding trial in the community most affected; and 9) the interests of justice. Finally, within fifteen (15) days of the completion of the venue-related discovery, the Court will entertain any issues related to venue should the parties file further motions on the subject.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 17, 2011
Charleston, South Carolina

---

on January 14, 2011 (*see* Dkt. No. 43), the Court would believe the majority of discovery in this matter would be complete.