IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
CHARLESTON, SC
2011 FEB 24  P 3: 28

| | | |
|---|---|---|
| Kenneth Wayne McGuire, by his power of attorney, Brandon Wayne McGuire, | ) ) ) ) ) | Civil Action No. 2:09-cv-2591-RMG |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Waste Management, Inc., | ) ) ) ) | |
| Defendant. | ) ) | |

Before the Court is Plaintiff's motion for clarification (Dkt. No. 50) of this Court's prior order granting Defendant's motion to reconsider (Dkt. No. 49) Judge Carr's minute entry order denying Defendant's motion to transfer venue. In its Order granting the motion to reconsider, the Court stated:

> [T]he parties are instructed to complete any remaining discovery related to venue and where the action is best suited for trial based upon the location and convenience of witness and the other relevant considerations within forty-five (45) days of the date of this Order. The parties should consider: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of view premises by the jury, if applicable; 7) all other practical problems that make trial of the case easy, expeditious, and inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding trial in the community most affected; and 9) the interests of justice.

(Dkt. No. 49). The Court was aware that prior discovery had been allowed on some issues by Judge Duffy. But the Court, in a footnote, also noted that it believed the majority of discovery in this matter would be complete given the filing date of the Complaint. The Court failed to realize, however, that no scheduling order has ever issued

1

in this matter despite this case having been pending for more than a year and given the existence of four other related matters arising out of the same occurrence. Nonetheless, given that the proper venue of this matter is at issue, this Court clarifies its prior Order only to the extent to restate that discovery at this time is solely limited to the issues touching upon venue and where the trial of this matter is most convenient based on the factors outlined in its prior Order and again setforth herein above. Should any subsequent motion related to venue be filed after the close of discovery related to venue, the Court will set a hearing on the matter once briefing is complete. The Court declines to issue a scheduling order or permit full-blown discovery until such time as it can be determined where trial is proper but notes that much of the venue related discovery will do much to advance this matter beyond its current posture no matter where the case is tried.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

February 24, 2011
Charleston, South Carolina